**GROUP EXHIBIT 1**

**LAW OFFICES OF ANDREW SPIRT, LLC**
**BY: ANDREW R. SPIRT, ESQUIRE**
1300 Virginia Drive                    Attorney for Plaintiff
Suite 310
Fort Washington, PA 19034
(267) 933-4001
Email: aspirt@spirtlaw.com

---

**RUSSELL BERTINO, JR.**                    SUPERIOR COURT OF NEW JERSEY
                                            CAMDEN COUNTY
              vs.                           LAW DIVISION

**THE HOME DEPOT, Inc., d/b/a THE HOME**
**DEPOT**                                   NO:
       and
**ANZZI, LLC**
       and                                  **CIVIL ACTION COMPLAINT**
**JOHN and JANE DOES 1-3**
            and
**ABC CORPORATION 1-3**

---

Plaintiff, Russell Bertino, Jr., by and through the undersigned counsel, Law Offices of

Andrew Spirt, LLC, brings this Complaint against Defendants, The Home Depot, Inc., d/b/a The

Home Depot, Anzzi, LLC, John and Jane Does 1-3, and ABC Corporations 1-3, and says:

I.      **PARTIES:**

1.      Plaintiff, Russell Bertino, Jr., is an adult individual who, at all times material

hereto, resided at 17 Charles Lane, Sewell, New Jersey 08080.

2.      Defendant, The Home Depot, Inc., d/b/a The Home Depot, is a corporation or

other legal entity existing pursuant to and/or under the laws of the State of New Jersey doing

business therein as a store selling home supplies including, without limitation, glass shower

doors, with a registered office and/or one of its principal places of business at 2735 NJ-42,

Sicklerville, New Jersey 08081.

3.      Defendant, Anzzi, LLC, is a limited liability company, corporation or other legal entity existing pursuant to and/or under the laws of the State of Florida doing business therein as a manufacturer of home hardware and fixtures, including but not limited to, glass shower doors, with a registered office and/or principal place of business at 5701 NW 35 Avenue, Miami, Florida 33142.

4.      Defendants, John and Jane Does 1-3, are individuals who owned, controlled, manufactured, maintained, repaired or sold the Product described below and whose duties included inter alia ensuring that the Product was free of unreasonably dangerous conditions and safe for all persons lawfully using or coming into contact with it and whose negligent acts or omissions and other conduct with respect to the Product led to, contributed, and/or caused Plaintiff's substantial injuries and damages set forth below. After reasonable investigation, the identity or roles of these persons and/or their respective acts or omissions are not ascertainable from the records and investigation, as well as other records which are in the possession of defendants and not yet produced.

5.      Defendants, ABC Corporations 1-3, are corporations or other legal entities which owned, controlled, manufactured, maintained, repaired or sold the Product described below and whose duties included inter alia ensuring that the Product was free of unreasonably dangerous conditions and safe for all persons lawfully using or coming into contact with it and whose negligent acts or omissions and other conduct with respect to the Product led to, contributed, and/or caused Plaintiff's substantial injuries and damages set forth below. After reasonable investigation, the identity or roles of these persons and/or their respective acts or omissions are not ascertainable from the records and investigation, as well as other records which are in the possession of defendants and not yet produced.

## II.     JURISDICTION & VENUE:

6.     Jurisdiction and venue are proper in this Court pursuant to the New Jersey Rules of Court because any or all of the defendants reside in and/or regularly conduct business in the State of New Jersey, Camden County and/or can be and have been served in Camden County, New Jersey.

## III.     FACTS:

7.     On or about June 5, 2024, Plaintiff, Russell Bertino, Jr., went to The Home Depot located at 735 NJ-42, Sicklerville, New Jersey 08081 in Camden county to pick up a glass shower door which was purchased to install in the bathroom of a home.

8.     The glass shower door was a 60 inch x 76 inch Frameless Sliding Shower Door manufactured by Defendant, Anzzi, LLC and offered it for sale and advertised it as a "4.5 star" product (the "Product" or "Shower Door").

9.     Following the purchase of the Product, Mr. Bertino transported the Shower Door to the home where he intended to install it.

10.     As he was carrying the Shower Door in an appropriate manner, it suddenly and without warning shattered and violently exploded with pieces of glass shooting from the door panel all over the room and striking Mr. Bertino in multiple places on his body causing severe bloody lacerations which simultaneously caused him to fall.

11.     As a direct and proximate result of the shattering and exploding of the Shower Door, Mr. Bertino suffered severe and permanent economic and non-economic damages which are set forth in more detail below.

**COUNT I**
**PLAINTIFF V. DEFENDANTS**
**PRODUCT LIABILITY – MANUFACTURING AND DESIGN DEFECT**

12.   Plaintiff, Russell Bertino, Jr, incorporates by reference the foregoing paragraphs as if fully set forth herein.

13.   The injuries and damages sustained by Plaintiff, Russell Bertino, Jr., were a direct and proximate result of the manufacturing and design defects of the Product to render it to be unreasonably dangerous and unsafe for use by consumers, such as Plaintiff.

14.   The Product was being properly used by the Plaintiff for its intended purpose and was not modified or altered by him in any way.

15.   As a direct and proximate result of the manufacture, design and sale of the defective and dangerous Product by the Defendants as aforesaid, Plaintiff, Russell Bertino, Jr., sustained severe lacerations throughout his body and other injuries to his back and body, as well as severe shock to the nerves and nervous system, extreme embarrassment, humiliation, loss of the enjoyment of his usual duties, usual occupations, life's pleasures and activities, to his great detriment and loss, some or all of which may be permanent in nature.

16.   As a direct and proximate result of the aforesaid occurrence, Plaintiff, Russell Bertino, Jr., has and may in the future, suffer mental anguish, emotional distress, pain and suffering, impairment of physical activity, and may continue to suffer same for an indefinite time in the future.

17.   As a direct and proximate result of the aforesaid occurrence, Plaintiff, Russell Bertino, Jr., has suffered a loss of earnings and earning capacity and has been and will be obligated to expend various sums of money or to incur various expenses for the injuries sustained, and may continue to incur such expenses in the future to his great financial loss and detriment.

**WHEREFORE**, Plaintiff, Russell Bertino, Jr., demands judgment in his favor and against Defendants, for their negligence, including an award of damages, attorney's fees, interest, costs of suit and such other relief as the court may deem just and proper.

**COUNT II**
**PLAINTIFF V. DEFENDANTS**
**PRODUCT LIABILITY – FAILURE TO WARN AND INSTRUCT**

18.     Plaintiff, Russell Bertino, Jr, incorporates by reference the foregoing paragraphs as if fully set forth herein.

19.     The injuries and damages sustained by Plaintiff, Russell Bertino, Jr., were a direct and proximate result of the inadequate warnings, failure to instruct the Plaintiff and consumers in general by the Defendants of the uses and dangers of the Product which also rendered it to be unreasonably dangerous and unsafe for use by consumers, such as Plaintiff.

20.     The Product was being properly used by the Plaintiff for its intended purpose and was not modified or altered by him in any way.

21.     As a direct and proximate result of the inadequate warnings, failure to instruct and warn of the defective and dangerous nature of the Product and proper methods to use the product or prevent the dangers by the Defendants as aforesaid, Plaintiff, Russell Bertino, Jr., sustained severe lacerations throughout his body and other injuries to his back and body, as well as severe shock to the nerves and nervous system, extreme embarrassment, humiliation, loss of the enjoyment of his usual duties, usual occupations, life's pleasures and activities, to his great detriment and loss, some or all of which may be permanent in nature.

22.     As a direct and proximate result of the aforesaid occurrence, Plaintiff, Russell Bertino, Jr., has and may in the future, suffer mental anguish, emotional distress, pain and suffering, impairment of physical activity, and may continue to suffer same for an indefinite time in the future.

23.      As a direct and proximate result of the aforesaid occurrence, Plaintiff, Russell Bertino, Jr., has suffered a loss of earnings and earning capacity and has been and will be obligated to expend various sums of money or to incur various expenses for the injuries sustained, and may continue to incur such expenses in the future to his great financial loss and detriment.

WHEREFORE, Plaintiff, Russell Bertino, Jr., demands judgment in his favor and against Defendants, for their negligence, including an award of damages, attorney's fees, interest, costs of suit and such other relief as the court may deem just and proper.

## COUNT II
## PLAINTIFF V. DEFENDANTS
## NEGLIGENCE

24.      Plaintiff, Russell Bertino, Jr, incorporates by reference the foregoing paragraphs as if fully set forth herein.

25.      The injuries and damages sustained by Plaintiff, Russell Bertino, Jr., were a direct and proximate result of the negligence of the Defendants in breaching its duties to perform inspections and reasonable care in ensuring the Product was free design and/or manufacturing defects to prevent injury to the Plaintiff and consumers in general which also rendered the Product to be unreasonably dangerous and unsafe for use by consumers, such as Plaintiff.

26.      The Product was being properly used by the Plaintiff for its intended purpose and was not modified or altered by him in any way and said use was foreseeable to the Defendants.

27.      As a direct and proximate result of the negligence of the Defendants in the manufacturing, design and sales processes, Plaintiff, Russell Bertino, Jr., sustained severe lacerations throughout his body and other injuries to his back and body, as well as severe shock to the nerves and nervous system, extreme embarrassment, humiliation, loss of the enjoyment of

his usual duties, usual occupations, life's pleasures and activities, to his great detriment and loss, some or all of which may be permanent in nature.

28.     As a direct and proximate result of the aforesaid occurrence, Plaintiff, Russell Bertino, Jr., has and may in the future, suffer mental anguish, emotional distress, pain and suffering, impairment of physical activity, and may continue to suffer same for an indefinite time in the future.

29.     As a direct and proximate result of the aforesaid occurrence, Plaintiff, Russell Bertino, Jr., has suffered a loss of earnings and earning capacity and has been and will be obligated to expend various sums of money or to incur various expenses for the injuries sustained, and may continue to incur such expenses in the future to his great financial loss and detriment.

**WHEREFORE**, Plaintiff, Russell Bertino, Jr., demands judgment in his favor and against Defendants, for their negligence, including an award of damages, attorney's fees, interest, costs of suit and such other relief as the court may deem just and proper.

**LAW OFFICES OF ANDREW SPIRT, LLC**

**BY:**

**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiff

Date:  October 10, 2024

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

**LAW OFFICES OF ANDREW SPIRT, LLC**

**BY:** _____
**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiff

Date:  October 10, 2024

## CERTIFICATION PURSUANT TO RULE 4:5-1

1.     I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2.     To my knowledge, no other action or arbitration procedure is contemplated.

3.     I have no knowledge at this time of the names of any other parties who should be joined in this action.

**LAW OFFICES OF ANDREW SPIRT, LLC**

**BY:** _____
**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiff

Date: October 10, 2024

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Spirt, Esquire is hereby designated as trial counsel in the within matter.

LAW OFFICES OF ANDREW SPIRT, LLC

BY: _____

**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiff

Date: October 10, 2024

## DEMAND FOR ANSWERS TO UNIFORM DISCOVERY

Pursuant to *R.* 4:17-1, demand is hereby made for all Defendants to provide answers to all applicable uniform discovery pursuant to the Rules of Court.

LAW OFFICES OF ANDREW SPIRT, LLC

BY: _____

**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiff

Date: October 10, 2024

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-003112-24

**Case Caption:** BERTINO, JR RUSSELL  VS THE HOME DEPOT, INC.

**Case Initiation Date:** 10/10/2024

**Attorney Name:** ANDREW R SPIRT

**Firm Name:** ANDREW SPIRT, LLC

**Address:** 1300 VIRGINIA DR STE 310
FORT WASHINGTON PA 19034

**Phone:** 2679334001

**Name of Party:** PLAINTIFF : Bertino, Jr, Russell

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Russell Bertino, Jr?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
　　　**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
　　　**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/10/2024
Dated

/s/ ANDREW R SPIRT
Signed

CAMDEN COUNTY SUPERIOR COURT
101 S FIFTH STREET
SUITE 150
CAMDEN          NJ 08103

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   OCTOBER 10, 2024
                    RE:     BERTINO, JR RUSSELL  VS THE HOME DEPOT, INC.
                    DOCKET: CAM L -003112 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DONALD J. STEIN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     203
AT:  (856) 650-9100 EXT 43134.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: ANDREW R. SPIRT
                              ANDREW SPIRT, LLC
                              1300 VIRGINIA DR
                              STE 310
                              FORT WASHINGTON  PA 19034


ECOURTS

**LAW OFFICES OF ANDREW SPIRT, PLLC**
**BY: ANDREW R. SPIRT, ESQUIRE**
1300 Virgina Drive, Suite 310                    Attorney for Plaintiff
Fort Washington, PA 19034
(267) 934-4001
Email: aspirt@spirtlaw.com

---

| | |
|---|---|
| **RUSSELL BERTINO, JR.** | SUPERIOR COURT OF NEW JERSEY |
| | CAMDEN COUNTY |
| vs. | LAW DIVISION |
| | |
| **THE HOME DEPOT, Inc., d/b/a THE HOME DEPOT** | NO: CAM-L- 003112-24 |
| and | |
| **ANZZI, LLC** | |
| and | |
| **JOHN and JANE DOES 1-3** | **AFFIDAVIT OF SERVICE** |
| and | |
| **ABC CORPORATION 1-3** | |

---

Andrew R. Spirt, Esquire, being duly sworn according to law, deposes and says that he is the attorney for Plaintiff in the action herein and that service of Plaintiff's Civil Action Complaint and Summons was made upon Defendant, The Home Depot, Inc., d/b/a The Home Depot, on October 15, 2024 by Dennis Richman's Services for the Professional, Inc.  A copy of Dennis Richman's Affidavit of Service is attached hereto as proof of service.

**LAW OFFICES OF ANDREW SPIRT, PLLC**

BY: _____

**ANDREW R. SPIRT, ESQUIRE**
Attorney for Plaintiff

Date: October 16, 2024

Andrew R. Spirt, Esquire
1300 Virginia Drive, Suite 310
Fort Washington, PA 19034
(215) 935-0315

## Superior Court of New Jersey
## In the Law Division
## Camden County

**Russell Bertino, Jr.**

v.

**The Home Depot, Inc., et al**

**Case No.:CAM-L-003112-24**

_____/

AFFIDAVIT OF CORPORATE SERVICE

I, **Michael Doyle,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **The Home Depot, Inc.** |
| DOCUMENTS SERVED: | **Summons & Complaint** |
| BY SERVING UPON: | **Tonya R., Assistant Store Manager** |
| DATE & TIME OF SERVICE: | **10/15/2024  10:45 AM** |

PHYSICAL DESCRIPTION:  **Age: 52**     **Weight: 145**     **Hair: Black**
                       **Sex: Female**  **Height: 5'2"**    **Race: Black**

SERVED ADDRESS:  **2735 Route 42**
                 **Sicklerville, NJ 08081**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Subscribed and sworn before me, a Notary Public, this 15th day of October, 2024

Melissa Petrowski

_____
Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027





Michael Doyle

_____
Michael Doyle
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393

GPS: 39.7190992

Order #P220916

**LAW OFFICES OF ANDREW SPIRT, PLLC**
**BY: ANDREW R. SPIRT, ESQUIRE**
1300 Virgina Drive, Suite 310                    Attorney for Plaintiff
Fort Washington, PA 19034
(267) 934-4001
Email: aspirt@spirtlaw.com

---

| | |
|---|---|
| **RUSSELL BERTINO, JR.** | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY |
| vs. | LAW DIVISION |
| **THE HOME DEPOT, Inc., d/b/a THE HOME DEPOT** and **ANZZI, LLC** and **JOHN and JANE DOES 1-3** and **ABC CORPORATION 1-3** | NO: CAM-L- 003112-24 AFFIDAVIT OF SERVICE |

---

Andrew R. Spirt, Esquire, being duly sworn according to law, deposes and says that he is the attorney for Plaintiff in the action herein and that service of Plaintiff's Civil Action Complaint and Summons was made upon Defendant, Anzzi, LLC, on October 14, 2024, by Professional Process Servers c/o Dennis Richman's Services for the Professional, Inc.  A copy of Dennis Richman's Affidavit of Service is attached hereto as proof of service.

                              **LAW OFFICES OF ANDREW SPIRT, PLLC**

                    **BY:**

                              **ANDREW R. SPIRT, ESQUIRE**
                              Attorney for Plaintiff

        Date: October 30, 2024

## VERIFIED RETURN OF SERVICE

**State of New Jersey**          **County of Camden**          **Superior Court**

Case Number: CAM-L-003112-24

Plaintiff: **RUSSELL BERTINO, JR.,**
vs.
Defendants: **THE HOME DEPOT, INC. d/b/a THE HOME DEPOT and ANNZI, LLC, JOHN and JANE DOES 1-3 and ABC CORPORATION 1-3,**

FIS2024009471

For:
Andrew R. Spirt, Esq.
LAW OFFICES OF ANDREW SPIRT, LLC
1300 Virginia Drive
Suite 310
Fort Washington, PA 19034

Received by Professional Process Servers on the 11th day of October, 2024 at 9:00 am to be served on **ANNZI, LLC, 5701 NW 35th Ave, Miami, FL 33142-2707,**

I, Dave Andrew, do hereby affirm that on the **14th day of October, 2024 at 1:36 pm, I:**

**Served** a **LIMITED LIABILITY COMPANY** by delivering a true copy of the **CIVIL ACTION SUMMONS, CIVIL ACTION COMPLAINT, DESIGNATION OF TRIAL COUNSEL and DEMAND FOR ANSWERS TO UNIFORM DISCOVERY** with the date and hour of service endorsed thereon by me, to: **Danys Cuenca** as **Human Resources Manager/RA Employee** for **ANNZI, LLC** at the address of: **5701 NW 35th Ave, Miami, FL 33142-2707**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: Hispanic, Height: 5'9, Weight: 170, Hair: Black, Glasses: Y

**Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.**

**Dave Andrew**
CPS#1556

c/o Dennis Richman's Services
4 Neshaminy Interplex Dr., Ste 108
Trevose, PA 19053
215-977-9393

Our Job Serial Number: FIS-2024009471
Ref: P220917

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a