[ECF No. 38]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

**RUSSELL BERTINO, JR.,**

      **Plaintiff,**

    **v.**

**THE HOME DEPOT, INC. et al.,**

      **Defendants.**

**Civil No. 24-10483 (SAK)**

## OPINION AND ORDER

Presently before the Court is the application of Defendants The Home Depot, Inc. d/b/a The Home Depot and Anzzi, LLC (collectively, "Defendants") for an Order permitting Defendants to assert a seller defense or innocent-seller immunity under the New Jersey Products Liability Act ("NJPLA"), ECF No. 38. The Court received the opposition filed by Plaintiff Russel Bertino, Jr., ECF No. 39, as well as Plaintiff's supplemental submission, ECF No. 43. The Court exercises its discretion to decide the application without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, Defendants' application is **DENIED**.

## I.     BACKGROUND

Plaintiff filed this products liability action on October 10, 2024 against Defendants[1] in state court. *See* Compl., ECF No. 1-1. On November 13, 2024, the action was removed to federal court. *See* ECF No. 1. In brief, Plaintiff alleges that he was injured by a defective glass shower door that

---

[1] Plaintiff's Complaint also includes a number of fictitious individuals and corporations as Defendants. *See* Compl. ¶¶ 4, 5, ECF No. 1-1.

was manufactured by Anzzi and purchased at Home Depot. *See* Compl. ¶¶ 7–11.  Specifically, Plaintiff alleges that the product suddenly "shattered and violently exploded with pieces of glass shooting from the door panel all over the room and striking [him] in multiple places on his body." *Id.* ¶ 10.  As a result, Plaintiff contends that he has suffered severe and permanent economic and non-economic injuries. *See id.* ¶ 11.  His complaint consists of the following three counts against all Defendants: (1) Product Liability – Manufacturing and Design Defect; (2) Product Liability – Failure to Warn and Instruct; and (3) Negligence. *See id.* ¶¶ 12–29.[2]  Defendants' answer largely denies the substance of these claims and asserts numerous defenses. *See* ECF No. 12.

On March 18, 2025, the Court conducted the initial conference with the parties.  Thereafter, a scheduling order was issued. *See* Order, Mar. 20, 2025, ECF No. 16.  Along with other deadlines set forth therein, the deadline for seeking amendments to the pleadings was June 30, 2025. *See id.* ¶ 6.  More than a year later at a status conference on April 29, 2026, recently-substituted defense counsel raised for the first time the prospect of asserting an "innocent-seller" defense pursuant to the NJPLA.  Although three amended scheduling orders had been issued in the interim, none of these orders addressed or otherwise extended the deadline for seeking amendments. *See* ECF Nos. 25, 30, 32.  No party sought such an extension as well.  Following the status conference, the Court issued an order setting a briefing schedule on the instant application. *See* ECF No. 36.  The next day, on May 1, 2026, Defendants filed an affidavit identifying the manufacturer of the subject product at issue—Foshan Charter & Sanity Ware or Foshan Chen Anderson Import & Expert Trading Co. ("Foshan"), a company based in China. *See* ECF No. 37.

---

[2] The Court notes that Count Three of Plaintiff's Complaint is incorrectly titled as "Count II." *See id.*

Defendants now seek to assert "the seller defense, or innocent-seller immunity,"[3] under the NJPLA. Defs.' Appl. at 1 (citing N.J.S.A. § 2A:58C-9(a), (b)). They allege that they merely sold the product at issue. *See id.* at 2 (alleging Defendants neither "designed, manufactured, produced, packaged, formulated, or labelled" it). As such, Defendants argue they can "escape" strict liability under the NJPLA by filing an affidavit identifying the correct manufacturer of the product, or a "Section 9 affidavit," as they did on May 1, 2026. *Id.* The crux of their remaining arguments is that neither the NJPLA nor the applicable case law set a specific deadline for filing the affidavit or asserting the defense. *See id.* at 2–3. They maintain that a seller need only exercise due diligence in identifying the manufacturer. *See id.* at 3. Defendants assert that Foshan's identity was disclosed in discovery responses served on October 30, 2025, providing Plaintiff with adequate notice and time to add it as a party or obtain discovery concerning it. *See id.* at 2. They further assert that no prejudice can result since the statute allows the filing of an action against the seller to "'toll the applicable statute of limitations with respect to manufacturers who have been identified' in a Section 9 affidavit." *Id.* at 4 (quoting N.J.S.A. § 2A:58C-9(e)). Defendants allege that the defense is not "affirmative," noting that it is not listed as such in Federal Rule of Civil Procedure 8(c) or New Jersey Court Rule 4:5-4. *See id.* at 3 n.2. Even if it was, Defendants allege that it could not have been waived because discovery is incomplete and Plaintiff would be able to pursue its claims against Foshan. *See id.* at 3–4. They further allege that "[p]ractical considerations, not dilatoriness, illustrate why the parties did not originally pursue an affirmative or third-party action against Foshan." *Id.* at 4. Therefore, Defendants argue that their application must be granted.

---

[3] The Court must note that neither "defense" nor "immunity" appear anywhere within the text of the statute itself. Rather, the statute provides that, upon the filing of the affidavit, "the product seller shall be relieved of all strict liability claims," subject to certain restrictions set forth therein. N.J.S.A. § 2A:58C-9(b). Nevertheless, courts have referred to the relief provided by the statute as a "defense." *See Claypotch v. Heller, Inc.*, 823 A.2d 844, 851 (N.J. Super. Ct. App. Div. 2003).

Plaintiff opposes the application on the bases that Defendants' affidavit was untimely and that the defense otherwise lacks merit. *See* Pl.'s Opp'n at 1.  Specifically, Plaintiff takes issue with what he characterizes as an incomplete, piecemeal presentation, claiming critical provisions of the statute and relevant case law are conspicuously omitted from Defendants' application. *See id.* at 3. He also maintains that "the statute is not the blank shield [they] portray it to be." *Id.* at 4 (citation omitted).  Plaintiff asserts that Defendants cannot meet their burden of proving the factors set forth in subsections (c) and (d) of the statute do not apply. *See id.* at 3–5.  This failure, Plaintiff asserts, preclude a product seller from availing itself of the defense. *See id.* at 3–5.  This entails, in part, establishing the seller has not "exercised some significant control over the design, manufacture, packaging or labeling of the product." *Id.* at 4 (quoting N.J.S.A. § 2A:58C-9(d)(1)).  It also requires the seller to establish that the manufacturer is amendable to service of process and is likely to be able to satisfy any judgment. *Id.* at 7 (quoting N.J.S.A. § 2A:58C-9(c)(2)) (noting that the statute expressly provides that a seller remains subject to strict liability if the "manufacturer has no known agents, facility, or other presence within the United States").  In brief, Plaintiff argues Defendants' affidavit and application fail to address any of the foregoing factors. *See id.*  He further argues the record demonstrates why, alleging: (1) that "Foshan is a Chinese company with no agent or facility in the United States;" and (2) that "[n]owhere in the Home Depot product information or the Anzzi Installation and Operation Manual—the only documents that accompanied [the subject] product— does the name Foshan appear at all." *Id.* (citing Exs. A, B, ECF Nos. 39-1, 39-2).  For these reasons, Plaintiff asserts that Defendants' affidavit should be stricken and their application denied.[4]

---

[4] Although Defendants do not explicitly request to amend their answer to assert the defense, Plaintiff appears to suggest this is implied and devotes a substantial portion of his response to the subject. *See id.* at 1–2, 5–7, 9.  Nevertheless, since the Court finds the defense fails on the merits, as discussed more fully, *infra*, the Court also finds that it is not necessary to discuss the parties' timeliness arguments in further detail.  Likewise, the Court acknowledges and considers Plaintiff's

## II.    DISCUSSION

### A.  Legal Standard

Section 2A:58C-9(a) of the NJPLA provides that, "[i]n any product liability action against a product seller," the seller "may file an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the injury, death or damage."  Upon filing such an affidavit, "the product seller shall be relieved of all strict liability claims [asserted against it], subject to the provisions set forth" therein. N.J.S.A. § 2A:58C-9(b).  To start, due diligence must be exercised in providing the plaintiff with the correct identity of the manufacturer(s). *See id.*  More importantly, subsection (c) prescribes that a product seller shall be subject to strict liability if the "manufacturer has no known agents, facility, or other presence within the United States," or is unlikely to be able to satisfy any judgment. N.J.S.A. § 2A:58C-9(c)(2), (3).  Subsection (d) further prescribes that a product seller can be held liable if it "has exercised some significant control over the design, manufacture, packaging or labeling of the product relative to the alleged defect in the product." N.J.S.A. § 2A:58C-9(d)(1).

The burden is on the party seeking to avail itself of innocent-seller immunity to prove that the factors in subsections (c) and (d) do not apply. *See Geraczynski v. Nat'l R.R. Passenger Corp.*, No. 11-6385, 2013 WL 5934552, at *5 (D.N.J. Nov. 1, 2013) (quoting *Claypotch v. Heller, Inc.*, 823 A.2d 844, 851–52 (N.J. Super. Ct. App. Div. 2003)) (concluding that a product seller must "establish that the manufacturer 'is amenable to service of process and is likely to be able to satisfy any judgment;'" and "that it had no 'significant responsibility' for the alleged defect'").  This can be done by "presenting evidence to that effect or by pointing to a lack of evidence in the record

---

supplemental submission but will not address it herein as it has no bearing on the Court's ruling. *See* ECF No. 43.

supporting opposite conclusions." *Bashir v. Home Depot*, No. 08-4745, 2011 WL 3625707, at *3 (D.N.J. Aug. 16, 2011) (citation omitted).

### B. Analysis

Here, the Court finds that Defendants have failed to carry their burden in seeking to invoke innocent-seller immunity. Apart from filing the affidavit on May 1, 2026, and disclosing Foshan's identity to Plaintiff on October 30, 2025, Defendants' application presents little, if anything else, from the record in this matter. Conversely, Plaintiff has identified specific evidence that calls into serious question the merits of the application—namely, Home Depot's online product information for the subject product, and Anzzi's installation and operation manual provided with the product. *See* Pl.'s Opp'n Exs. A, B, ECF Nos. 39-1, 39-2. Nowhere in these materials, Plaintiff argues, "does the name Foshan appear." *See* Pl.'s Opp'n at 7. The Court agrees these materials bear only the names of Defendants. The Court also agrees that Defendants' application and affidavit fail to address Foshan's domestic presence or lack thereof, whether it is amendable to service of process, and whether it is able to satisfy any judgment. *See id.* at 5. Thus, the Court not only finds that Defendants fail to meet their burden, but that they are also precluded from invoking innocent-seller immunity under the plain text of the statute. *See* N.J.S.A. § 2A:58C-9(c)(2), (3); *see also id.* § (d)(1) ("A product seller shall be liable if . . . [it] has exercised some significant control over the design, manufacture, packaging or labeling of the product.").

The Court would also be remiss if it did not briefly address the odd procedural posture and nature of the application. The relief requested therein reads as if Defendants are seeking leave to amend their answer. Although both parties briefly touched on the issue of timeliness, neither cited to case law concerning amendments or the applicable rule at this stage in the case—Rule 16(b)(4). In light of the foregoing, coupled with the application's apparent deficiencies, the Court finds no

reason to discuss the issue in any further detail. *See supra*, note 4.  Therefore, the Court will deny

Defendants' application and strike their May 1, 2026 affidavit from the record.

## III.    CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **7th** day of **July**, **2026**, that Defendants' application

[ECF No. 38] is **DENIED**; and it is further

**ORDERED** that Defendants' May 1, 2026 Affidavit [ECF No. 37] is hereby **STRICKEN**.


s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

7